IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LaDERRICK SMITH #1258111 | § | |
| v. | § | CIVIL ACTION NO. 6:11cv664 |
| DARRELL WILLIAMS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff LaDerrick Smith, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith complains that his personal property was packed up by Officer Lillie Hulett on December 6, 2010; two weeks later, he was told by Captain McFarland that the property had been "lost" and that he should make a list, and McFarland would have Sgt. Williams pay for it. Smith made a list, but McFarland sent him to see Major Siringi.

Siringi sent Smith to see Karen Bryant, and Smith took her his receipts. She looked at the stack of receipts and sent him away. A few weeks later, he received a lay-in to see Bryant. She gave him some soap and food worth $28.30, which Smith says is a "far cry" from the $158.80 worth of property which was taken. When he asked Bryant about the rest of the property, she said that Smith had not purchased those items and that they would be "recycled." When Smith asked why he had not been given a Prop-5 property inventory form, Bryant gave him one and sent him back to the unit.

1

Smith filed a Step One grievance and was offered an "insufficient" property settlement. He states that he wanted to accept it and continue the grievance process, but was told that the stipulation of acceptance was that he would have to sign a form saying that he would "vacate his quest for justice." He declined the settlement and filed his Step Two grievance. During the investigation of the Step Two grievance, the investigator, Hurley, told him that there was not a Prop-5 form in his file and so she could not award him anything because she did not know who had inventoried his property. The response to the Step Two grievance said that Smith had been offered a settlement at Step One and had declined, so no further action was necessary.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed, albeit without prejudice as to any claims which Smith could assert in the courts of the State of Texas or through the administrative procedures of TDCJ. *See* Hudson v. Palmer, 468 U.S. 517, 533 (1984); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). A copy of this Report was sent to Smith at his last known address, return receipt requested, but no objections have been filed; accordingly, Smith is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 8) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous with prejudice as to its refiling in federal court, but without prejudice as to any claims in state court or through the administrative processes of TDCJ-CID which Smith may elect to pursue. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.  Finally, it is

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Strikes List for the Eastern District of Texas.

**It is SO ORDERED.**

**SIGNED this 1st day of June, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE